**Weil, Gotshal & Manges LLP**

VIA ECF AND VIA E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

June 28, 2024

Yitzchak Kopel
Alec M. Leslie
Max S. Roberts
Bursor & Fisher P.A.
1330 Avenue of the Americas
New York, NY 10019

Re:  *Lesh v. Cable News Network, Inc.*, No. 1:24-cv-03132-VM (S.D.N.Y.)

Counsel:

We once again write pursuant to Judge Marrero's Individual Practice Rule II B.1 in connection with Defendant Cable News Network, Inc.'s ("CNN") proposed Motion to Dismiss Plaintiff Carol Lesh's ("Plaintiff") Amended Complaint its entirety and with prejudice.

Plaintiff's Amended Complaint wholly fails to remedy the many deficiencies in her initial Complaint.  For instance, Plaintiff's claim under the California Invasion of Privacy Act ("CIPA") remains barred by her agreement to a New York choice of law provision in CNN's Terms of Use.  Plaintiff's claim further continues to stretch CIPA far beyond its intended bounds, including because § 638.51 only applies to telephone signaling information, and there is no legally protectable interest in IP addresses.  Moreover, Plaintiff's class claims remain precluded by a class waiver in CNN's Terms of Use.  CNN therefore intends to file a motion to dismiss.

I.    **Plaintiff's Section 638.51 Claim Remains Barred by The Parties' Choice of Law**

Plaintiff's amendment only strengthens CNN's argument that Plaintiff's California state law claim is barred by her consent to the CNN Terms of Use, which provide that any "claims . . . arising out of or in connection with [her] access to, and/or use of the Sites" would be governed by New York law without effect to its conflict of laws provisions.  CNN, *Terms of Use*, https://www.cnn.com/terms0.[1]  Under New York law, choice of law provisions selecting New York law must be enforced by their terms without reference to another state's public policy. *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466, 474 (2015); *Capstone Logistics*

---

[1] CNN has displayed many pop-ups on the website, including during the alleged class period, which have required individuals to click a button confirming they agreed to CNN's Terms of Use and Privacy Policy.  Compl. ¶ 82; *e.g.*, Internet Archive, *Wayback Machine*, web.archive.org/web/20230211000257/https:/www.cnn.com/.

June 28, 2024
Page 2

**Weil, Gotshal & Manges LLP**

*Holdings, Inc. v. Navarrete*, 2018 U.S. Dist. LEXIS 216940, at *66 (S.D.N.Y. Oct. 25, 2018). But even if the Court were to engage in a conflict of laws analysis, New York bears a reasonable relationship to the parties because, as Plaintiffs expressly acknowledge, CNN "maintains an office in New York . . . and Plaintiff's claims *arise from or relate to these contacts*." Am. Compl. at ¶ 9 (emphasis added). Further, there is no New York public policy that would harmed by the application of New York law. *Willis v. Herriott*, 550 F. Supp. 3d 68, 94-95 (S.D.N.Y. 2021).

Because the parties agreed that Plaintiff's claims would be governed by New York law, her claims under California law must be dismissed. *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 220–21 (S.D.N.Y. 2019) (where an agreement chose New York law "'without regard to conflicts of laws principles.' . . . her claims under California law [] must be dismissed.").

**II.     Section 638.51 Remains Limited to Devices or Processes Used to Record Telephone Signaling Information**

Even after amendment, Plaintiff fails to allege that she used a telephone to access the CNN website. She thus fails to state a claim under Section 638.51, which applies only to devices or processes used to record telephone signaling information. Cal. Pen. Code § 638.51(a).

As Plaintiff's cited case recognizes, Am. Compl. at ¶ 3, pen registers traditionally "record all numbers called from a particular *telephone*." *Greenley v. Kochava, Inc*., 2023 WL 4833466, at *15 (S.D. Cal. July 27, 2023) (emphasis added). Moreover, a California state trial court recently sustained a defendant's demurrer regarding a Section 638.51 claim where the plaintiff "only allege[d] a 'device' without any actual specific reference to a mobile phone or other potential form of communication device potentially qualifying as a cellular device[.]" *Licea v. Hickory Farms LLC*, 2024 WL 1698147 at *4 (Cal. Super. Ct. L.A. Cty., Mar. 13, 2024).

This reading of Section 638.51 is further confirmed by the statute's legislative history, as well as other sections of CIPA. *See, e.g.*, Assemb. B. 929, Reg. Sess. (Cal. 2015), https://legiscan.com/CA/text/AB929/id/1258696 (explaining the "bill would clarify that any location information obtained by a pen register or a track and trace device is limited to the information that can be determined from the telephone number"); Cal. Pen. Code § 638.52(d)(1) (an order granting authority to use a pen register or trap and trace device shall specify "[t]he identity" of the person "in whose name is listed *the telephone line* to which the pen register or trap and trace device is to be attached," along with "[t]he number and, if known, physical location *of the telephone line* to which the pen register or trap and trace device is to be attached"). Plaintiff's expansive interpretation of the statute is therefore without merit and her claim should be dismissed.

**III.    Section 638.51 Does Not Apply to the Collection of IP Addresses**

Plaintiff's amendments further fail to place her within Section 638.51's "zone of interest." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) ("[A] statutory cause of action is presumed to extend only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.") (citations omitted). CIPA was enacted "to protect the *right of privacy* of the people of [California.]" Cal. Penal Code § 630 (emphasis added); Compl.

June 28, 2024                                                        **Weil, Gotshal & Manges LLP**
Page 3

¶ 65 (alleging that CNN's use of the technologies "constitutes an invasion of privacy").

But individuals do not have a legally protected privacy interest in their IP addresses, and none of Plaintiff's additional allegations change that. *United States v. Ulbricht*, 858 F.3d 71, 97 (2d Cir. 2017). Recognizing that IP addresses are "transmitted as part of the normal process of connecting one computer to another over the Internet[,]" courts have found that the analogous federal Pen Register Act does not apply to recording of IP addresses. *Capitol Recs. Inc. v. Thomas-Rasset*, No. CIV 06-1497(MJD/RLE), 2009 WL 1664468, at *1, *3 (D. Minn. June 11, 2009); *Malibu Media, LLC v. Pontello*, No. 13-12197, 2013 WL 12180709, at *4 (E.D. Mich. Nov. 19, 2013); *see Underhill v. Kornblum*, No. 16-CV-1598-AJB-WVG, 2017 WL 2869734, at *6 (S.D. Cal. Mar. 16, 2017) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act."). Because Plaintiff has failed to plausibly allege that CNN violated a legally protected privacy interest, she cannot state a claim under Section 638.51.

## IV. Plaintiff Consented to Any Disclosure

Plaintiff's amendments cannot and did not change the fact that she consented to the collection and transmission of her IP address per Section 638.51(b)(5), which permits a provider of an electronic communication service to install a pen register "[i]f the consent of the user of that service has been obtained." Cal. Pen. Code § 638.51(b)(5). In regularly using the CNN website, including during the class period, Am. Compl. ¶ 85, Plaintiff repeatedly agreed to the CNN Privacy Policy, which clearly disclosed that CNN may collect IP addresses.

Further, to the extent third parties are the services installing or using a pen register, Plaintiff's Complaint must also be dismissed because CNN, as the user of those third party services, consented to such installation or use. *See In re Doubleclick Privacy Litig.*, 154 F. Supp. 2d 497, 508 (S.D.N.Y. 2001) (finding that web sites are "users" capable of consenting to the accessing or intercepting of communications under the Electronic Communications Privacy Act and the Federal Wiretap Act).

## V. Plaintiff's Class Claims Should Be Dismissed Given The Class Action Waiver

Plaintiff's amendments further fail to salvage her class claims, as Plaintiff agreed to a class waiver when she repeatedly agreed to CNN's Terms of Use. CNN, *Terms of Use*, https://www.cnn.com/terms0. Courts in this Circuit regularly dismiss class claims where plaintiffs have agreed to class waivers. *See, e.g., Horton v. Dow Jones & Co., Inc.*, 804 F. App'x 81, 84-85 (2d Cir. 2020) (summary order) (finding the "class-waiver provision bars [plaintiff] from proceeding on a class basis[,]" and affirming dismissal); *McDaniel v. Home Box Off., Inc.*, 2023 WL 1069849, at *4 (S.D.N.Y. Jan. 27, 2023) ("Because the class waiver is enforceable, HBO's motion to dismiss the class claims with prejudice is granted."). Because Plaintiff agreed to the Terms of Use, the Court should dismiss her class claims.

In short, Plaintiff's amendments to her initial complaint failed to remedy the defects identified in CNN's initial letter, and CNN does not believe they can be remedied via further amendment. Please let us know whether Plaintiff intends to dismiss her Amended Complaint.

June 28, 2024  
Page 4

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

cc:  Judge Victor Marrero (via ECF)