**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

October 25, 2024

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 1610
New York, New York 10007

Re: *Lesh v. Cable News Network, Inc.*, No. 1:24-cv-03132 (S.D.N.Y.)

Dear Judge Marrero:

We write on behalf of Defendant Cable News Network, Inc. ("CNN") to respond briefly to Plaintiffs' Notice of Supplemental Authority. Plaintiffs have submitted *Shah v. Fandom, Inc.*, a non-binding decision from the United States District Court for the Northern District of California. ECF No. 39-1. *Shah* misinterpreted the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630-638.55, to apply to circumstances far removed from those that motivated the statute's passage, and its reasoning should be rejected here.

*Shah* rests on a misreading of the "pen register" definition that gives no regard to the broader statutory context. The court fails to consider that its interpretation sweeps technologies into the statute's ambit for which law enforcement could never obtain authorization to use. *Id.* at 6. *Shah* concludes that the statute applies to the collection of communications from computers, while recognizing that to grant authorization to law enforcement to use a pen register, a court must identify the "number of . . . the telephone line to which the pen register is to be attached" and "[t]he identity, if known, of the person to whom is leased or in whose name is listed the telephone line." *See id.*; Cal. Pen. Code § 638.52. Under *Shah's* reading, law enforcement would be prohibited from installing pen registers on computers given § 638.51 provides that "a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." Cal. Pen. Code § 638.51(a).

The court's misreading extends beyond the plain text, and is reflected in its limited consideration of the statute's legislative history as well. ECF No. 39-1 at 7 n.2. For example, the court failed to consider that the legislative history states outright that the "bill would clarify that any location information obtained by a pen register or a track and trace device is limited to the information that can be determined *from the telephone number*[,]" as noted by CNN here. Assemb. B. 929, Reg. Sess. (Cal. 2015), https://legiscan.com/CA/text/AB929/id/1258696 (emphasis added); MTD at 12.

In any event, *Shah* is also distinguishable because CNN has made arguments here that the *Shah* court did not consider, including defenses based on its Terms of Use and Privacy Policy, including the choice of law provision, as well as the argument that CNN's consent to the alleged collection of IP addresses sufficed for purposes of the statute's consent provision. *Compare* ECF No. 39-1 at 3-10 *with* MTD at 8-10, 21-22.

For these reasons, the *Shah* decision should not be given any weight here, and the Court should dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

CC: All Counsel of Record (via ECF)