**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

VIA ECF

December 20, 2024

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 1610
New York, NY 10007

Re: *Lesh v. Cable News Network, Inc.*, No. 1:24-cv-03132 (S.D.N.Y.)

Dear Judge Marrero:

We write on behalf of Defendant Cable News Network, Inc. ("CNN") to respond to Plaintiffs' Notice of Supplemental Authority. ECF No. 43. Plaintiffs have submitted *Mirmalek v. Los Angeles Times Commc'ns LLC*, which is a non-binding decision from the United States District Court for the Northern District of California. ECF No. 43-1. *Mirmalek* does not address many of the key arguments raised by CNN and misinterprets the breadth of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630-638.55.

First, *Mirmalek* did not consider arguments that CNN has raised, including defenses based on the CNN Terms of Use and Privacy Policy, as well as the argument that CNN's consent to the alleged collection of IP addresses sufficed for the purposes of the statute's consent provision. Notably, there was no threshold choice of law question in *Mirmalek*, whereas CNN has invoked the New York choice of law clause in its terms of use. *Compare* ECF No. 43-1 *with* ECF No. 33 ("MTD") at 8-10. CNN's terms of use, agreed to by Plaintiffs, provide that "[a]ny and all disputes, claims and controversies arising out of or in connection with [a user's] access to, and and/or use of the Sites . . . shall be governed by and construed exclusively in accordance with the laws and decisions of the State of New York . . . without giving effect to its conflict of laws provisions, except to the extent that law is inconsistent with or preempted by federal law." ECF No. 34 at ¶ 3-4. As the parties agreed and unambiguously selected New York law, the Court should enforce New York law without concern for California public policy. MTD at 9-10.

Second, even if California law did apply, which it does not, California courts are split in construing § 638.51 of CIPA with *Mirmalek* and the cases relied upon therein misconstruing CIPA. Indeed, the better reasoned California decisions have determined that the collection of IP addresses does not apply to § 638.51. MTD at 15-16. For example, the Court in *Licea v. Hickory Farms LLC*, noted that "[P]ublic policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single

entity voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting the website, as a violator. Such a broad based interpretation would potentially disrupt a large swath of internet commerce without further refinement as the precise basis of liability, which the court declines to consider." MTD at 15-16. Additionally, in *Casillas v. Transition Optical Inc.*, the Court sustained a demurrer of pen register claim alleging "that Defendant website . . . deployed tracking software that relies upon the user's unique Internet Protocol address (IP address)"). MTD at 16. Indeed, the court in *Mirmalek* impermissibly assumes that collection of a user's IP address violates CIPA, without assessing whether there exists any privacy interest in the IP address or considering these cases. ECF No. 43-1 at 7-8.

Third, in deciding that the trackers at issue constituted "pen registers" within the scope of CIPA, the *Mirmalek* court relied extensively on *Shah v. Fandom,* a case that misreads the definition of "pen register." *Id.* at 4-5, 7-8. In *Shah*, the court failed to consider that its interpretation sweeps technologies into the statute's ambit for which law enforcement could never obtain authorization to use. ECF 40 at 1. *Mirmalek* concludes that the statute applies to the collection of communications from computers. ECF No. 34-1 at 5-7. Under *Mirmalek*'s reading, § 638.51 would prohibit law enforcement from installing pen registers on computers because the statute provides that "a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." Cal. Pen. Code § 638.51(a). The court's misreading extends beyond the plain text, and is reflected in its lack of examination of the statute's legislative history. ECF No. 43-1 at 5. For example, the court failed to consider that the legislative history states outright that the "bill would clarify that any location information obtained by a pen register or a track and trace device is limited to the information that can be determined from the telephone number[,]" as noted by CNN here. Assemb. B. 929, Reg. Sess. (Cal. 2015), https://legiscan.com/CA/text/AB929/id/1258696 (emphasis added); MTD at 12.

For these reasons, the Court should give no weight to the *Mirmalek* decision and should grant CNN's motion to dismiss.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai