**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

January 16, 2025

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 1610
New York, NY 10007

Re: *Lesh v. Cable News Network, Inc.*, No. 1:24-cv-03132 (S.D.N.Y.)

Dear Judge Marrero,

We write to respectfully bring to the Court's attention recent decisions relevant to Defendant Cable News Network, Inc.'s ("CNN") Motion to Dismiss and/or Strike Plaintiff's Amended Complaint (*see* ECF No. 32, the "Motion") decided after CNN submitted its briefing. While CNN maintains that New York law applies, these state opinions are directly relevant to CNN's arguments set forth on pages 15 to 19 of its moving brief and pages 7 to 9 of its reply brief that Section 638.51 does not apply to CNN's alleged collection and disclosure of Plaintiff's IP address to third parties because Plaintiff does not have a legally protected interest in her IP address.

(1) *Palacios v. Office Depot, LLC*, No. 24STCV11977 (Cal. Super. Ct. Dec. 4, 2024), attached as Exhibit 1. The *Palacios* decision sustained a demurrer of a CIPA § 638.51 pen register claim involving alleged disclosures of website visitors' IP addresses by a website operator to third-party advertising technologies. *See* Exhibit 1, at 6. The Court found "that there [was] no protected privacy interest in Plaintiff's IP address." *Id.*

(2) *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 4905217 (Cal. Super. Ct. Nov. 21, 2024), attached as Exhibit 2. As explained in Defendant's reply brief, the court in *Fountain9* previously dismissed the plaintiff's § 638.51 pen register claim based on alleged disclosure of IP addresses to third parties with leave to amend. ECF No. 36, at 7. The plaintiff then filed an amended complaint, which the court dismissed with prejudice. Exhibit 2, at 5. The court found that the plaintiff failed to state a claim under § 638.51 when "the only 'personal information' that Defendant collected was her IP address, which in itself provides no information about the user as it consists merely as a string of umbers [sic]." *Id.* at 5.

(3) *Rodriguez v. Plivo Inc.*, No. 24STCV08972, 2024 WL 5184413 (Cal. Super. Ct. Oct. 2, 2024), attached as Exhibit 3. The *Plivo* decision found that the plaintiff had "no expectation of privacy" in an IP

address as the plaintiff "voluntarily provided the information." Exhibit 3, at 3. The court found this implicit in the plaintiff's allegations that "the IP address enables a device to communicate with another device—such as a computer's browser communicating with a server." *Id.* at 3-4. The court further found that IP addresses, providing only static location data, do not contain the sensitive type of data, like sexual orientation and medical condition, referred to in other pen register cases. *Id* at 4.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

CC: All Counsel of Record (via ECF)