**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

February 3, 2025

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 1610
New York, NY 10007

Re: *Lesh v. Cable News Network, Inc.*, No. 1:24-cv-03132 (S.D.N.Y.)

Dear Judge Marrero:

We write to respectfully bring to the Court's attention two additional recent decisions relevant to Defendant Cable News Network, Inc.'s ("CNN") Motion to Dismiss and/or Strike Plaintiff's Amended Complaint (*see* ECF No. 32, the "Motion") decided after CNN submitted its briefing. While CNN maintains that New York law applies, these state opinions are directly relevant to CNN's arguments set forth on pages 11 to 19 of its moving brief and pages 5 to 9 of its reply brief that Section 638.51 does not apply to CNN's alleged collection and disclosure of Plaintiff's IP address to third parties because Section 638.51 only applies to telephone communication and because Plaintiff does not have a legally protected interest in her IP address.

(1) *Sanchez v. Cars.com, Inc.*, No. 24STCV13201 (Cal. Super. Ct. Jan. 27, 2025), attached as <u>Exhibit 1</u>. The *Sanchez* decision sustained a demurrer of a CIPA § 638.51 "pen register" and "trap and trace" claim involving alleged disclosures of website visitors' IP addresses by a website operator to third-party advertising technologies. *See* <u>Exhibit 1</u>. Upon reviewing the legislative history of CIPA, the *Sanchez* court found that "pen register" and "trap and trace devices" describes devices "used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, and not internet communications such as websites." *Id.* at 5. The *Sanchez* court further held that Sanchez had no legitimate expectation of privacy in her IP address because she chose to visit Cars.com and voluntarily turned over her IP address to the website. *Id.* at 6.

(2) *Aviles v. LiveRamp, Inc.*, No. 24STCV19869 (Cal. Super. Ct. Jan. 28, 2025), attached as <u>Exhibit 2</u>. The *Aviles* decision sustained a demurrer of a CIPA § 638.51 "pen register" claim and "trap and trace" claim where Defendant allegedly used software to collect its website visitors' IP address, operating system name, browser name, geolocation data, and email address for advertising and analytic purposes. *See*

Exhibit 2. The *Aviles* court held that Aviles failed to plausibly allege use of a pen register because "the analog of the number dialed by a telephone . . . is the IP address and related information of a website accessed by a computer – but not the computer's own IP address or identifying information," and because Aviles did not allege that defendant used any software to collect outgoing addressing information from its visitors. *Id.* at 4. Further, Aviles failed to plausibly allege use of a trap and trace device because he at most alleged that defendant collected the IP address and other information from incoming visitors to its website – "the equivalent of if Defendant had used a trap and trace device on its *own* website, rather than on Plaintiff's device." *Id.* Finally, the *Aviles* court held that IP addresses are voluntarily provided to direct internet servers and that internet users have no expectation of privacy in data they provide for the purpose of routing information. *Id.*[1]

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

CC: All Counsel of Record (via ECF)

[1] The *Aviles* ruling was a tentative ruling that was adopted by the court in a minute order on January 28, 2025, attached hereto as Exhibit 3.