**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY D'ANTONIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CABLE NEWS NETWORK, INC.,<br><br>Defendant. | 1:24-cv-03132-VM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CABLE NEWS NETWORK, INC'S ANSWER**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Cable News Network, Inc. ("Defendant"), by and through its undersigned counsel, answers the Complaint filed by Plaintiff Anthony D'Antonio on October 16, 2025 (the "Complaint"), and alleges additional defenses as follows. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Complaint. Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Defendant does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint. *See* Fed. R. Civ. P. 10(b).

By submitting this Answer, Defendant expressly preserves and does not waive any applicable rights, defenses, or objections. Defendant also expressly reserves the right to amend and/or supplement this Answer and its defenses based on, *inter alia*, discovery, factual developments, and Defendant's ongoing investigation of Plaintiff's claims. No incidental or implied admissions are intended by this Answer. Unless expressly stated herein, nothing in this Answer should be construed as an admission of any allegations contained in the Complaint.

## NATURE OF THE ACTION

1. Defendant admits that it owns and operates the CNN.com website and seeks "to inform, engage, and empower the world," and otherwise respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

2. Defendant denies it causes "numerous trackers" to be installed on visitors' browsers, and denies that this paragraph accurately describes the experience of visitors to CNN.com (the "Website") in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of allegations in this Paragraph.

3. Defendant denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the alleged conduct of third parties in all instances.

4. Defendant denies that it uses data collected by the trackers to "de-anonymize and identify users and hyper-target users with advertising[,]" and denies specific knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, which refers to the alleged conduct of third parties in all instances.

5. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

6. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

7. Defendant admits it shows advertisements on the CNN.com website and earns certain advertising-based revenue. Defendant denies that the purpose of PubMatic, OpenX, and Microsoft's services is "to enrich the value of Defendant's Website[,]" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this

Paragraph, which refers to the specific actions of third parties.

8. Defendant admits Plaintiff seeks statutory damages under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*. This Paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff has a valid claim against Defendant under CIPA § 638.51.

## THE PARTIES

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10. Defendant admits the allegations in this Paragraph.

## JURISDICTION AND VENUE

11. This Paragraph contains legal conclusions to which no response is required.

12. Defendant admits that there is specific personal jurisdiction in New York for purposes of this matter. This Paragraph otherwise contains legal conclusions to which no response is required.

13. This Paragraph contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

### I. OVERVIEW OF THE CALIFORNIA INVASION OF PRIVACY ACT

14. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the CIPA for a complete and accurate statement of its terms.

15. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the *Ribas v. Clark*, 38 Cal. 3d 355 (1985) decision for a complete and accurate statement of its contents.

16. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the CIPA for a complete and accurate statement of its terms.

17. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the CIPA for a complete and accurate statement of its terms.

18. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the CIPA for a complete and accurate statement of its terms.

19. This Paragraph contains legal conclusions to which no response is required.

20. Defendant admits the first sentence in this Paragraph. The second sentence in this Paragraph contains legal conclusions to which no response is required.

21. This Paragraph contains speculation and legal conclusions to which no response is required.

22. Defendant admits CIPA was enacted in 1967, before the invention of the internet. This Paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the *In re Google Inc.*, 2013 WL 5423918 (N.D. Cal. 2013) decision for a complete and accurate statement of its contents.

23. This Paragraph contains allegations and summaries related to legal decisions to which no response is required. Defendant respectfully refers the Court to the cited decisions for complete and accurate statements of their contents.

24. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to *Matera v. Google Inc.*

2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) and *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022) for a complete and accurate statement of their contents.

25. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the CIPA for a complete and accurate statement of its terms.

## II. DEFENDANT VIOLATES THE CIPA § 638.51

26. Defendant admits that in some circumstances individuals' browsers send an HTTP or GET request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but denies the allegations in this Paragraph or Figure 1 accurately describe individuals' interactions with the Website in all instances.

27. Defendant admits an HTTP response from its servers can include instructions as to how a browser should display the Website.

28. Defendant denies that in all instances the allegations contained in the first sentence of this Paragraph are accurate, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in this Paragraph, which refers to what occurs on users' browsers.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of third parties.

### A. The Mechanics And Privacy Implications Of IP Addresses

30. Defendant denies an IP address is a unique identifier for a device in all instances because a public IP address corresponds with the internet router, not a specific device on the router, and a device's IP address may change depending on the router to which it is connected. Defendant otherwise denies knowledge or information sufficient to form a belief as to the allegations in this

Paragraph, which refers to the history of IP addresses.

31. Defendant denies knowledge or information sufficient to form a belief as to what "networks" are doing generally, and therefore denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

32. Defendant admits IP addresses are a necessary part of the internet's operation, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and denies that a telephone number is much like an IP address.

*1. Differentiating Between Public And Private IP Addresses*

33. Defendant avers the statement a "public IP address is accessible from anywhere on the internet" is vague and ambiguous and seemingly conflicts with paragraph 34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which makes broad generalizations regarding public IP addresses.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which contains broad allegations regarding how public IP addresses function generally and their characteristics.

35. Defendant denies that IP addresses can always be used to determine the approximate physical location of devices although admits they can provide some location information in some circumstances. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which refer generally to the actions of third parties.

36. Defendant avers "is not routable" is vague and ambiguous. Defendant admits that private IP addresses can in some circumstances be used in different networks. Defendant denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, which refer to how IP addresses may be used generally.[1]

37. Defendant denies the assertions in this Paragraph about what is fundamental and knowledge or information as to the use of IP addresses in the "architecture of modern networks," "global communication generally," and the allegations about what may be used and how "extensively[,]" and thus denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

38. This Paragraph contains a speculative analogy to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

39. This Paragraph contains a speculative analogy to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph or Figure 2 accurately characterize the functioning of IP addresses in all instances.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions contained in this Paragraph and Figure 3, including because Figure 3 appears to be a table excerpted from a longer source for which Plaintiff has not provided a citation.

41. This Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

42. This Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

43. This Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

---

[1] Defendant admits that the trackers may collect certain information in certain circumstances, but otherwise denies footnote 4.

*2. The Privacy Implications Of Public IP Addresses*

44. Defendant admits IP addresses can be used to determine some geographic location information in some circumstances, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

45. Defendant admits the quoted language appears on the webpages cited in footnotes 8 and 9. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph in all instances and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

46. Defendant admits the quoted language appears on the webpages cited in footnotes 10 and 11. Defendant otherwise denies that IP addresses personally identify individuals. Defendant otherwise denies knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which refers generally to how companies generally can use IP addresses in marketing, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

47. Defendant admits the quoted language appears on the webpages cited in footnotes 12 and 13. Defendant denies knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which refers to how companies generally can use IP addresses in marketing, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

48. Defendant admits the quoted language appears on the webpage cited in footnote 14. Defendant otherwise denies that IP addresses can be used to identify specific physical addresses in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief

as to the truth of the allegations in this Paragraph, which refers to how companies generally can use IP addresses in marketing, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

49. Defendant admits the quoted language appears on the webpage cited in footnote 15. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer generally to advertisers' capabilities, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

50. Defendant admits the quoted language appears on the webpages cited in footnotes 16 and 17. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer generally to businesses' costs in connection with advertising, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

51. Defendant admits the quoted language appears on the webpages cited in footnotes 18 and 19. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer generally to how IP addresses may be used in businesses' marketing strategy, and respectfully refers the Court to the cited webpage for a complete and accurate statement of its contents.

52. Defendant admits the quoted language appears on the webpage cited in footnote 20. Defendant denies that the "collection of IP addresses is particularly invasive here" as Plaintiff pleads in this Paragraph, and denies that this Paragraph accurately describes Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to a NATO report on the actions of third parties, and respectfully refers the Court to the cited report for a complete and

accurate statement of its contents.

53. Defendant admits the quoted language appears on the webpage cited in footnote 22. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, including the assertion that third parties purportedly "exploit" information, and otherwise refers the Court to the cited webpage for a complete and accurate statement of its contents.

54. Defendant denies that the "collection of IP addresses . . . cause[s] harm in and of itself[,]" and denies the last sentence of paragraph 54. Defendant otherwise denies knowledge or information as to what third parties "specifically" do and thus denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

55. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the quoted language appears on the webpage cited in footnote 23 and respectfully refers the Court to the GDPR for a complete and accurate statement of its contents.

56. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Cal. Civ. Code § 1798.140 for a complete and accurate statement of its contents.

**B. The Trackers Are "Pen Registers" That Defendant And The Third Parties Use to De-Anonymize And Identify Users And Sell Their Information To Advertisers**

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to how all companies may generally build websites.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to how "often" companies in general build

websites in a specific manner.

59. Defendant admits certain third-party code has been incorporated into the Website code from time to time, but denies that the characterization in this Paragraph is accurate in all instances.

60. Defendant admits that third-party trackers may be installed on Website visitors' browsers in certain circumstances, but otherwise denies the allegations of this Paragraph, which claim that "the Website's code—as programmed by Defendant—caused the Trackers to be installed[,]" and that Plaintiffs and putative class members were "pervasively" tracked "across the Internet."

61. Defendant admits that certain trackers on Website visitors' browsers may transmit information in certain circumstances, but denies knowledge or information regarding the transmission of information from Website visitors' browsers in all instances. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to truth of the remaining allegations in this Paragraph, which refer to the specific conduct of third parties.

62. Defendant admits advertisements are displayed on its Website, but denies that it de-anonymizes consumers and otherwise denies the allegations of this Paragraph as they pertain to Defendant. Defendant lacks specific information or knowledge sufficient to establish a belief as to the specific actions of third parties alleged in this Paragraph.

63. This Paragraph calls for a legal conclusion to which no response is required to the extent it asserts that Defendant did not obtain Plaintiff's or the putative Class Members' consent regarding the third-party Trackers. Defendant admits it did not obtain a court order concerning the third-party Trackers, but denies it was legally required to do so.

*1. The PubMatic Tracker And The Data Brokers And Data Sellers It Syncs With*

64. Defendant admits that PubMatic appears on the cited registration webpage for data brokers. Defendant admits that PubMatic offers software-based services including to Defendant, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, which refer to relationships between PubMatic and other companies.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations made by PubMatic.

66. Defendant admits PubMatic is an advertising technology platform, but denies that PubMatic "enabled" it to sell advertising inventory, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, which refers to the specific conduct of PubMatic.

67. Defendant admits that in some circumstances individuals' browsers send an HTTP request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but denies that the allegations in this Paragraph accurately describe individuals' interactions with the Website in all instances. Defendant further denies knowledge or information as to whose browser is reflected in the screenshot contained in Figure 4, and further denies that Figure 4 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 4.

68. Defendant admits the quoted language appears on the webpage cited in footnote 31. Defendant otherwise denies knowledge or information as to what PubMatic admits or its tracker does or allegedly collects in all instances, and thus denies knowledge or information sufficient to

form a belief as to the truth of the allegations of this Paragraph.

69. Defendant denies knowledge or information sufficient to form a belief as to what PubMatic may store in all instances including as reflected in the screenshot contained in Figure 5, and further denies that Figure 5 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 5, which refers to the alleged conduct of PubMatic.

70. Defendant denies the accuracy and/or completeness of the diagram and otherwise denies the allegations of this Paragraph, including the representations made in Figure 6, as to whether it accurately represents Website visitors' experience in all instances.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the alleged conduct of PubMatic in all instances.

72. Defendant admits that clearing cookies can have an effect on what is stored and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, which refer to the alleged conduct of PubMatic in all instances.

73. Defendant denies that the allegations in this Paragraph are accurate "in all cases," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the alleged conduct of PubMatic.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of third parties and other unspecified third-party trackers allegedly installed by Defendant.

**(i) <u>Experian/Tapad</u>**

75. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances, and further denies knowledge or information as to what is synced and also that what is reflected in the screenshot contained in Figure 7 is accurate as to all users. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 7, which refers to the specific alleged conduct of third parties.

76. Defendant admits the quoted language appears on the webpage cited in footnote 36, and that Tapad and Experian appear on the cited registration website. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of Tapad and Experian.

77. Defendant admits the quoted language appears on the webpage cited in footnote 38. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific alleged conduct of Tapad. Defendant respectfully refers the Court to the referenced articles for a complete and accurate statement of their contents.

78. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the specific alleged conduct of third parties. Defendant respectfully refers the Court to the referenced webpages for a complete and accurate statement of their contents. Figure 8 appears to be a screenshot from an Experian webpage, but Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 8, which refer to Experian's conduct.

79. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of the first sentence in this Paragraph, which refers to the actions of PubMatic, Experian, Tapad, and advertisers generally. Defendant denies the allegations of the second sentence in this Paragraph, which suggests that "users can be sold to advertisers."

**(ii) <u>Epsilon</u>**

80. Defendant admits that Epsilon Data Management, LLC appears on the cited registration webpage. Defendant denies this Paragraph accurately describes Website visitors' experiences in all instances, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties.

81. Defendant denies knowledge or information as to whose browser is reflected in the screenshot contained in Figure 9, and further denies that Figure 9 accurately reflects Website visitors' experiences in all instances. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 9, which refer to the specific alleged conduct of third parties.

82. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the representations of a third party.

83. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the representations of a third party.

84. Defendant admits the quoted language appears on the webpages cited in footnotes 46 and 47, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the representations of third parties. Defendant respectfully refers the Court to the cited webpages for a complete and accurate statement of their contents.

85. Defendant admits the quoted language appears in the YouTube video cited in footnote 48, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations made by third parties. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents in Figure 10, which appears to be a screenshot of the YouTube video referenced in footnote 47.

86. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the representations of a third party. Defendant denies knowledge or information sufficient to form a belief as to the source or truth of the contents of Figure 11, which appears to be a screenshot from a third party source for which a citation is not provided.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. Defendant avers that the link provided for the cited webpage in footnote 50 is not functional.

88. Defendant refers the Court to the YouTube video referenced for its content, but otherwise, denies knowledge or information regarding Epsilon's practices, and therefore otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

89. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences in this Paragraph, which refers to the specific actions of third parties. Defendant denies the third sentence in this Paragraph, which suggests "users can be sold to advertisers."

**(iii) <u>TransUnion/Neustar</u>**

90. Defendant denies that the allegations in this Paragraph accurately describe Website

visitors' experiences in all instances. Defendant further denies knowledge or information as to whose browser is reflected in the screenshot contained in Figure 12, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 12, which refer to the alleged conduct of PubMatic and AGKN.

91. Defendant admits the quoted language appears on the webpages cited in footnotes 52 and 53. Defendant admits that Neustar, Inc. appears on the registration webpage cited in footnote 52. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the alleged conduct of third parties.

92. Defendant admits the quoted language appears on the webpages cited in footnotes 55 and 56, and that the article cited in footnote 55 states TransUnion acquired Neustar for $3.1 billion. Defendant admits that TransUnion Content Solutions LLC appears on the registration webpage cited in footnote 54. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the representations of third parties, and respectfully refers the Court to the referenced webpages for a complete and accurate statement of their contents.

93. Defendant admits the quoted language appears on the webpage cited in footnote 57. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions and representations of third parties, and respectfully refers the Court to the referenced webpage for a complete and accurate statement of its contents.

94. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph. Defendant avers the quoted language does not appear on the referenced web page. Figure 13 appears to be a screenshot from a webpage that is not

identified, and Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 13.

95. Defendant admits the quoted language appears on the webpages cited in footnotes 59 and 60. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of third parties.

96. Defendant denies it is enriched "at the cost of its users' privacy" as alleged in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties.

**(iv) <u>OpenX</u>**

97. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant further denies knowledge or information as to whose browser is reflected in the screenshot contained in Figure 14, and further denies that Figure 14 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 14, which refer to the alleged conduct of PubMatic and OpenX.

98. Defendant denies it is enriched "at the cost of its users' privacy" as alleged in this Paragraph. Defendant denies knowledge or information sufficient to form a belief as to the actions of OpenX in all instances, and therefore denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

99. Defendant denies that all users of the Website do not consent to the alleged conduct. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of PubMatic.

100. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief about the allegations of this Paragraph, and avers that the two decisions cited are motion to dismiss orders assessing complaint allegations, not established facts.

101. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief about the allegations of this Paragraph, and avers that the two decisions cited are motion to dismiss orders assessing complaint allegations, not established facts.

102. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

103. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

*2. The ADNXS Tracker And The Data Brokers And Data Sellers It Syncs With*

104. Defendant admits that Microsoft is a technology company with certain software-as-a-service products and that it rebranded ADNXS to Microsoft Invest. Defendant otherwise denies knowledge or information sufficient to establish a belief as to the truth of the allegations in this Paragraph.

105. Defendant admits the cited webpage contains the quoted language. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations made by Microsoft, and respectfully refers the Court to the referenced webpage for a complete and accurate statement of its contents.

106. Defendant admits that it has from time to time used Microsoft's advertising products, but otherwise denies specific knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this Paragraph, which refers to the actions of Microsoft.

107. Defendant admits that in some circumstances individuals' browsers send an HTTP request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but denies that the allegations in this Paragraph accurately describe individuals' interactions with the Website in all instances. Defendant also denies knowledge or information as to whose browser is reflected in the screenshot contained in Figure 15, and further denies that Figure 15 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 15.

108. Defendant admits the quoted language appears on the webpages cited in footnote 62. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of Microsoft. Defendant avers that the cited webpage reflects the cookies policy of a financial services company, not any representation made by Microsoft.

109. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 6, which refer to the specific actions of Microsoft.

110. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of Microsoft.

111. Defendant admits that clearing cookies can have an effect on what is stored and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, which refer to the specific alleged conduct of Microsoft.

112. Defendant denies that the allegations in this Paragraph are accurate "[i]n all cases," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the specific alleged conduct of Microsoft.

113. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to Microsoft and PubMatic's conduct.

**(i) Experian/Tapad, OpenX, And PubMatic**

114. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant further denies knowledge or information sufficient to form a belief as to whose browser is reflected in the screenshot contained in Figure 16, and denies that Figure 16 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 16, which refer to the specific actions of third parties.

115. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant further denies knowledge or information sufficient to form a belief as to whose browser is reflected in the screenshot contained in Figure 17, and denies that Figure 17 accurately reflects visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 17, which refer to the specific actions of third parties.

116. Defendant admits the quoted language appears on the webpage cited in footnote 63. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant further denies knowledge or information sufficient to form

a belief as to whose browser is reflected in the screenshot contained in Figure 18, and denies that Figure 18 accurately reflects visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 18, which refer to the specific actions of third parties.

117. Defendant denies knowledge or information sufficient to form a belief as to the actions of PubMatic and therefore denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. Defendant further denies knowledge or information sufficient to form a belief as to whose browser is reflected in the screenshot contained in Figure 18.

118. Defendant denies that it is enriched "at the cost of its users' privacy" as alleged in this Paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to specific actions of third parties and implications of those actions.

119. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to specific actions and knowledge of third parties.

120. Defendant denies that all users of the website do not consent to the alleged conduct. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to specific actions of third parties.

121. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph and avers that the two decisions cited are motion to dismiss orders assessing complaint allegations, not established facts.

122. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph and avers that the two decisions cited are motion to dismiss orders assessing complaint allegations, not established facts.

123. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

124. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

*3. The OpenX Tracker And The Data Broker Partners It Cookie-Syncs With*

125. Defendant admits that OpenX appears on the cited registration webpage, and that Defendant has from time to time used certain OpenX services. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and services of OpenX. Defendant avers that the link provided for the webpage cited in footnote 65 is not functional.

126. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations made by OpenX. Defendant avers that the link provided for the webpage cited in footnote 66 is not functional.

127. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of OpenX.

128. Defendant admits that in some circumstances individuals' browsers send an HTTP request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but denies that the allegations in this Paragraph accurately describe individuals' interactions with the Website in all instances. Defendant further denies knowledge or information

as to whose browser is reflected in the screenshot contained in Figure 19, and further denies that Figure 19 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 19.

129. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 6, which refer to the specific actions of OpenX.

130. Defendant admits that clearing cookies can have an effect on what is stored and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, which refer to the specific actions of OpenX.

131. Defendant denies that the allegations in this Paragraph are accurate "[i]n all cases," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the specific alleged conduct of OpenX.

132. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties.

133. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties.

**(i) <u>The Trade Desk</u>**

134. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties.

135. Defendant admits the quoted language appears on the webpages cited in footnotes 68 and 69. Defendant denies that the allegations in this Paragraph accurately describe Website

visitors' experiences in all instances. Defendant further denies knowledge or information sufficient to form a belief as to whose browser is reflected in the screenshot contained in Figure 20, and denies that Figure 20 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 20, which refer to the specific actions of third parties.

136. Defendant admits the first quotation in this Paragraph appears on the webpage cited in footnote 70. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, which refers to the actions and representations of third parties. Defendant respectfully refers the Court to the referenced webpages for a complete and accurate statement of their contents, and avers the referenced webpage in footnote 71 is not functional.

137. Defendant admits the quoted language appears on the webpage cited in footnote 72. Defendant also admits that it has from time to time used The Trade Desk's advertising products on its Website. Defendant denies that "The Trade Desk facilitates the selling of Defendant's Website users to interested advertisers." Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of third parties.

138. Defendant admits the quoted language appears on the webpages cited in footnotes 73 and 74. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of third parties. Defendant respectfully refers the Court to the webpages cited in footnotes 73 and 74 for complete and accurate statements of their contents.

139. Defendant admits the quoted language appears on the webpages cited in footnotes 75 and 76. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the FTC's opinions on hashing. Defendant respectfully refers the Court to the referenced webpages in footnotes 75 and 76 for a complete and accurate statement of their contents.

140. Defendant admits the first quotation appears on the webpage cited in footnote 77. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties. Defendant respectfully refers the Court to the cited webpage in footnote 77 for a complete and accurate statement of its contents. Defendant avers that the referenced webpage in footnote 78 does not contain the quote "ingest[ion] of billions of events[.]" Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 21, which appears to be a screenshot from a third party webpage, but for which Plaintiff does not provide a citation.

141. Defendant admits the quoted language appears on the webpage cited in footnote 80. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions and representations of The Trade Desk.

142. Defendant admits the quoted language appears on the webpage cited in footnote 81. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions and representations of The Trade Desk, and respectfully refers the Court to the webpage cited in footnote 81 for a complete and accurate statement of its contents.

143. Defendant admits the quoted language appears on the webpage cited in footnotes 82 and 83. Defendant otherwise denies knowledge or information sufficient to form a belief as to

the truth of the allegations in this Paragraph, which refers to the actions and representations of The Trade Desk. Defendant respectfully refers the Court to the cited webpage in footnote 83 for a complete and accurate statement of its contents.

144. Defendant denies that The Trade Desk "enables" Defendant to "sell their user inventory[,]" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions of third parties.

145. Defendant admits that Warner Bros. Discovery announced it would integrate certain features offered by The Trade Desk.

**(ii) TripleLift**

146. Defendant denies that the allegations in this Paragraph accurately describe Website visitors' experiences in all instances. Defendant further denies knowledge or information sufficient to form a belief as to whose browser is reflected in the screenshot contained in Figure 22, and denies that Figure 22 accurately reflects Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and Figure 22, which refer to the specific actions of third parties.

147. Defendant admits the quoted language appears on the webpages cited in footnotes 85 and 86. Defendant admits that it has from time to time used TripleLift's services on its Website but otherwise denies knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which refers to the specific actions of third parties. Defendant respectfully refers the Court to the referenced webpages in footnotes 85 and 86 for complete and accurate statements of their contents. Defendant avers that the webpage cited in footnote 85 is to an accounting firm's cookies policy, not any representation made by TripleLift.

148. Defendant admits the quoted language appears on the webpage cited in footnote 87. Defendant admits supply side platforms may be used in connection with filling online advertising slots, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations made by TripleLift.

149. Defendant admits the quoted language appears on the webpage cited in footnote 88. Defendant denies that TripleLift "enables" Defendant "to sell their user inventory to interested advertisers[]," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the specific conduct and representations of TripleLift. Defendant respectfully refers the Court to the webpage referenced in footnote 88 for a complete and accurate statement of its contents.

150. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions and representations of TripleLift. Defendant denies the first quote appears on the webpage referenced in footnote 89. Defendant admits the second quote can be found on TripleLift's webpage as referenced in footnote 90.

151. Defendant admits the quoted language appears on the webpage cited in footnote 91. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations found in this Paragraph, which refer to the specific actions and representations of TripleLift. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 23, which appears to be a screenshot from a third party webpage.

152. Defendant admits the quoted language appears on the webpage cited in footnote 92. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions of third parties. Defendant

denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 24, which appears to be a screenshot from a third-party webpage.

153. Defendant admits the quoted language appears on the webpages cited in footnotes 93 and 94. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the specific actions and representations of TripleLift, and respectfully refers the Court to the referenced webpages found in footnotes 93 and 94 for a complete and accurate statement of their contents.

154. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to what TripleLift might be able to do in a hypothetical example. Defendant admits that the language other than "Home Curated Deal" appears on the webpage cited in this Paragraph.

155. Defendant admits that it has from time to time used TripleLift's advertising products on its Website. Defendant denies that it "de-anonymize[s] users" or that it sells "profiles[,]" as suggested in this Paragraph. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of third parties.

156. Defendant denies that all users of the website do not consent to the alleged conduct. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of OpenX.

157. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief about the allegations of this Paragraph, and avers that the two decisions cited are motion to dismiss orders assessing complaint allegations, not established facts.

158. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief about the allegations of this Paragraph, and avers that the two decisions cited are motion to dismiss orders assessing complaint allegations, not established facts.

159. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

160. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## III. DEFENDANT'S CONDUCT CONSTITUTES AN INVASION OF PLAINTIFF'S AND CLASS MEMBERS' PRIVACY

161. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

162. Defendant denies that the trackers to which the Complaint points were "designed" to "boost Defendant's revenue," and denies that the alleged collection is "surreptitious" as alleged in this Paragraph. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the allegations in this Paragraph, which refers to the actions and intentions of third parties.

163. Defendant denies it violated CIPA. This Paragraph otherwise contains no factual allegations to which a response is required.

164. Defendant denies that it has acted "to the detriment of users' privacy interests" as alleged in this Paragraph, and otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to actions of third parties.

**A. <u>Data Brokers and Real-Time Bidding: The Information Economy</u>**

*1. Data Brokers*

165. Defendant admits that Cal. Civ. Code § 1798.99.80(c) contains a definition for data brokers and contains the quoted language, except for the bracketed language, "[*i.e.*, consumer-facing]" and respectfully refers the Court to Cal. Civ. Code § 1798.99.80(c) for a complete and accurate statement of its contents. Defendant avers the referenced link in footnote 99 is not functional and denies knowledge or information sufficient to form a belief as to the truth of the first quote in this Paragraph.

166. Defendant admits that data brokers must register as such pursuant to Cal. Civ. Code § 1798.99.82, but denies knowledge or information sufficient to form a belief as to what the referenced data brokers in fact do.

167. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the practices of unidentified data brokers. Defendant denies the webpage referenced in footnote 100 contains the quoted language in this Paragraph.

168. Defendant admits the quoted language appears on the webpages cited in footnotes 101 and 102. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the practices of unidentified data brokers, and respectfully refers the Court to the webpages referenced in footnotes 101 and 102 for a complete and accurate statement of their contents.

169. Defendant admits the quoted language appears in the report cited in footnote 103. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations made in a NATO report and the

actions of unidentified data brokers, and respectfully refers the Court to the report referenced in footnote 103 for a complete and accurate statement of its contents.

170. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to a report assembled by third parties. Defendant avers the link provided for the cited webpages in footnotes 104 and 105 is not functional.

171. Defendant denies that the alleged conduct in this case "has grave implications for Americans' right to privacy[,]" as Plaintiff suggests in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the purported practices of U.S. federal agencies. Defendant avers the link to the referenced webpage in footnote 106 is not functional.

172. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to actions of and analysis conducted by third parties. Defendant avers the link to the referenced webpage in footnote 107 is not functional.

173. This Paragraph contains legal conclusions regarding whether users suffered a harm, to which no response is required. To the extent a response is required, Defendant denies Plaintiff and putative class members suffered harm as alleged in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of third parties. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 25, which appears to be a screenshot from a third party webpage, but for which Plaintiff does not provide a citation.

174. Defendant admits the quoted language appears on the webpage cited in footnote 108. Defendant otherwise denies knowledge or information sufficient to form a belief as to the

truth of the allegations in this Paragraph, which refer to representations of third parties and amount to speculation regarding an incident that is unrelated to Plaintiff's case here. Defendant respectfully refers the Court to the webpage referenced in footnote 108 for a complete and accurate statement of its contents.

175. Defendant admits the quoted language appears on the webpage cited in footnote 109. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to representations of third parties and amount to speculation regarding an incident that is unrelated to Plaintiff's case here. Defendant respectfully refers the Court to the webpage referenced in footnote 109 for a complete and accurate statement of its contents.

176. Defendant denies it is "putting its users in the crosshairs of the privacy harms" to which Plaintiff points as alleged in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions and motivations of third parties.

177. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions of data brokers. Defendant respectfully refers the Court to the webpage referenced in footnote 110 for a complete and accurate statement of its contents.

178. Defendant admits the quoted language appears on the webpage cited in footnote 111. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions and representations of third parties. Defendant respectfully refers the Court to the webpage referenced in footnote 111 for a complete and accurate statement of its contents.

179. Defendant admits the quoted language appears on the webpage cited in footnote 112. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions and representations of third parties. Defendant respectfully refers the Court to the webpage referenced in footnote 112 for a complete and accurate statement of its contents.

180. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "identity resolution product[s]," and Defendant respectfully refers the Court to the *Adstra, LLC v. Kinesso LLC* decision and the cited article for complete and accurate statements of their contents. 2025 WL 552050 (S.D.N.Y. 2025).

181. Defendant denies that it facilitates data brokers' tracking of individuals across the internet, and denies that Website visitors' information is disclosed to PubMatic, OpenX, and the "Linked Data Brokers" in all instances as suggested in this Paragraph. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and capabilities of third parties.

182. Defendant denies that its "installation of the trackers" led to the data brokers' conduct, and denies that the allegations of this Paragraph accurately describe Website visitors' experiences in all instances. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and capabilities of third parties.

183. Defendant denies it was "unjustly enriched through advertising" and denies that the allegations of this Paragraph accurately describe Website visitors' experiences in all instances. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the

truth of the allegations in this Paragraph, which refers to the actions of third parties in all instances.

*2. Real-Time Bidding*

184. Defendant denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer generally to the actions of third parties.

185. Defendant admits the quoted language appears on the webpage cited in footnote 113. Defendant admits that real time bidding is a process by which online advertisements may be displayed. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of third parties. Defendant respectfully refers the Court to the referenced webpage in footnote 113 for a complete and accurate statement of its contents.

186. Defendant admits that the webpages cited in this Paragraph discuss supply side and demand side platforms, and other entities involved in digital advertising. Defendant admits that publishers and other platforms can be part of the real time bidding process. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which contains generalizations of how online advertising technologies work in all instances and refers to the actions of third parties.

187. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, which makes generalizations as to how different participants in online advertising work in all instances.

188. Defendant admits that supply side platforms, advertising exchanges, and demand side platforms can be part of the real time bidding process. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which contains generalizations of how real time bidding works in all instances. Defendant avers the

quoted language does not appear on the cited webpage in footnote 119. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 26, which appears to be a screenshot from a third party webpage, but for which Plaintiff does not provide a citation.

189. Defendant admits the quoted language appears on the webpage cited in footnote 120. Defendant denies SSPs and DSPs "must" have as much information as possible to facilitate real time bidding or procure the greatest interest from advertisers in all instances. Defendant admits it uses certain services from PubMatic and OpenX, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and knowledge of third parties. Defendant respectfully refers the Court to the webpage cited in footnote 120 for a complete and accurate statement of its contents. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 27, which appears to be a screenshot from a third party webpage, but for which Plaintiff does not provide a citation.

190. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and knowledge of third parties.

191. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and knowledge of third parties.

192. Defendant avers that the phrase "[a]ll of this[,]" is vague and ambiguous, but denies it has been "enriche[d]" by the alleged actions of third parties described in this Paragraph. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer generally to the actions of third parties.

193. Defendant admits the webpage referenced in footnote 121 links to a webpage on

the FTC website that contains the quoted language, without the bracketed modifications. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations made in this Paragraph, which refers to generalized potential concerns regarding the real time bidding process in online advertising in all instances.

194. Defendant denies that "the ability of users to control their personal information" has been "greatly diminishe[d]" as suggested in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of Microsoft. Defendant avers the allegation that Microsoft "operates a DSP here" is vague and ambiguous.

195. Defendant admits the webpage referenced in footnote 122 references an article from epic.org and Paragraph 195 contains a quotation from that article. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the assertions contained in the cited article, which pertains to actions of third parties.

196. Defendant admits the webpage referenced in footnote 123 references an article that contains the quoted language in this Paragraph, but denies that real-time bidding should be characterized as a "data breach." Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 28, which appears to be a screenshot from a third-party webpage, but for which Plaintiff does not provide a citation.

197. This Paragraph calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the "right to determine who does and does not get to know one's information" (whether such information is public or non-public, sensitive or non-sensitive) is "a harm long recognized at common law," and that "CIPA was enacted to protect" such right. Defendant respectfully refers the Court to the cited decisions in this Paragraph for

complete and accurate statements of their contents.

*3. Cookie Syncing*

198. Defendant denies the trackers are "installed" on the Website as Plaintiff suggests in this Paragraph, and avers that any trackers would be placed on Website visitors' browsers. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which summarizes Plaintiffs' prior allegations and refers to the intentions and actions of third parties.

199. Defendant admits the quoted language appears on the webpages cited in footnotes 124 and 125. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the interactions between third parties. Defendant respectfully refers the Court to the webpages and articles referenced in footnotes 124 and 125 for complete and accurate statements of their contents.

200. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which contains generalizations regarding how cookie syncing works in all instances by reference to a hypothetical from an article. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 29, which appears to be a screenshot from a third-party webpage, but for which Plaintiff does not provide a citation.

201. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which contains generalizations regarding how cookie syncing works in all instances by reference to a hypothetical from an article, and avers that Plaintiff's use of the phrase "this process" in this Paragraph is vague and ambiguous. Defendant avers the quoted language in Paragraph 201 does not appear on the cited webpage in footnote 127.

202. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which contains generalizations regarding cookie syncing in all instances and the actions of third parties. Defendant respectfully refers the Court to footnotes 128 through 130 and the article cited therein for a complete and accurate statement of its contents.

203. Defendant admits the quoted language appears on the webpage cited in footnote 131. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which contains generalizations regarding cookie syncing in all instances and the actions of third parties. Defendant respectfully refers the Court to footnote 131 and the article cited therein for a complete and accurate statement of its contents.

204. Defendant denies users are prevented from "being anonymous" in all instances when they visit the Website as suggested in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of third parties.

205. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and intentions of third parties.

206. Defendant denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers generally to the actions of third parties.

207. Defendant admits it has used certain services offered by certain third parties mentioned in the Complaint from time to time, but otherwise denies the allegations in this Paragraph which suggest it is "de-anonymiz[ing] users," "offer[ing] users up for sale[,]" and "monetiz[ing] the Website by installing the Trackers and allowing the Third Parties to collect as much information about Website users as possible (without consent)."

208. Defendant denies the allegations in this Paragraph, which suggest it has acted

without Website visitors' consent in all instances, has been unjustly enriched, and that Plaintiff and members of the putative class "lost the ability to control their information[.]"

209. Defendant denies Plaintiff's suggestion that its conduct caused Plaintiff and putative class members to be tracked "wherever they go online," as suggested in this Paragraph. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers generally to the actions of third parties.

**B. <u>Defendant Uses The PubMatic Tracker For Identity Resolution, Targeted Advertising, And Data Monetization</u>**

210. Defendant admits PubMatic offers certain online advertising-related services. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions of PubMatic. Defendant further denies the quoted text appears on the webpage referenced in footnote 132, and respectfully refers the Court to the webpage referenced in footnote 132 for a complete and accurate statement of its contents.

211. Defendant admits it has from time to time used services offered by PubMatic, but denies knowledge or information as to what PubMatic does more generally, and thus denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph. Defendant admits that the webpage cited in footnote 133 contains the quoted language. Defendant respectfully refers the Court to the webpage referenced in footnote 133 for a complete and accurate statement of its contents.

212. Defendant admits the quoted language appears on the webpage cited in footnote 134. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to representations made by PubMatic. Defendant respectfully refers the Court to the webpage referenced in footnote 134 for a complete and accurate

statement of its contents. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 30, which appears to be a screenshot from a third-party webpage, but for which Plaintiff does not provide a citation.

213. Defendant admits the quoted language appears on the webpages cited in footnotes 135 and 136. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to representations and actions of third parties. Defendant respectfully refers the Court to the webpage referenced in footnotes 135 and 136 for a complete and accurate statement of their contents.

214. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to representations of PubMatic. Defendant avers that the phrase "data owner" as used in this Paragraph is vague and ambiguous, and denies that the webpage referenced in footnote 137 contains the quoted language. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 31, which appears to be a screenshot from a third-party webpage, but for which Plaintiff does not provide a citation.

215. Defendant admits the quoted language appears on the webpages cited in footnotes 138 and 139. Defendant admits it has from time to time used PubMatic services, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, which refer the actions and representations of PubMatic.

216. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of PubMatic.

217. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to actions and knowledge of third parties.

Defendant respectfully refers the Court to the webpage referenced in footnote 140 for a complete and accurate statement of its contents. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 32, which appears to be a screenshot from a third-party webpage, but for which Plaintiff does not provide a citation.

218. Defendant denies that the allegations in this Paragraph accurately describe the experience of visitors to the Website in all instances, denies that PubMatic "sell[s] Defendant's users" as pled, and denies that it "enabl[es]" PubMatic to "collect as much information about Defendant's users as possible" as Plaintiff suggests in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph to the extent it refers to the actions of third parties such as PubMatic.

### C. Defendant Uses The ADNXS Tracker For Identity Resolution, Targeted Advertising, And Data Monetization

219. Defendant admits the quoted language appears on the webpage cited in footnote 142. Defendant admits Microsoft describes Microsoft Invest as "a strategic buying platform built for the needs of today's advertisers looking to invest in upper-funnel buying and drive business results." Defendant denies the ADNXS tracker is a demand side platform as Plaintiff suggests in this Paragraph. Defendant respectfully refers the Court to the webpage referenced in footnote 142 for a complete and accurate statement of its contents.

220. Defendant admits the quoted language appears on the webpages cited in footnote 143. Defendant admits Microsoft offers online advertising-related services. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions, processes, and representations of Microsoft. Defendant respectfully refers the Court to the webpage referenced in footnote 143 for a complete and accurate statement of its contents.

221. Defendant admits the quoted language appears on the webpage cited in footnote 144. Defendant admits Microsoft offers online advertising-related services. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions, processes, and representations of Microsoft. Defendant respectfully refers the Court to the webpage referenced in footnote 144 for a complete and accurate statement of its contents.

222. Defendant admits the quoted language appears on the webpage cited in footnote 145. Defendant admits Microsoft offers online advertising-related services. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions, processes, and representations of Microsoft. Defendant respectfully refers the Court to the webpage referenced in footnotes 145 and 146 for a complete and accurate statement of its contents.

223. Defendant denies Microsoft "integrates" with PubMatic and OpenX Trackers "on [the] Website." Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to interactions between third parties.

224. Defendant admits the quoted language appears on the webpages cited in footnote 147. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions of third parties. Defendant respectfully refers the Court to the webpage referenced in footnote 147 for a complete and accurate statement of its contents.

225. Defendant denies that the allegations in this Paragraph accurately describe the experience of visitors to the Website in all instances and denies that it "enabl[es]" Microsoft to "collect as much information about Defendant's users as possible" as Plaintiff suggests in this

Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph to the extent it refers to the actions of third parties such as Microsoft.

### D. Defendant Uses The OpenX Tracker For Identity Resolution, Targeted Advertising, And Data Monetization

226. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to representations made by a third party. Defendant denies the quoted text appears on the webpage referenced in footnote 148 and respectfully refers the Court to the webpage referenced in footnote 148 for a complete and accurate statement of its contents.

227. Defendant admits OpenX offers online advertising-related services. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to actions of and representations made by OpenX. Defendant avers the linked webpage in footnote 149 is not functional.

228. Defendant denies that Website visitors' information is collected by OpenX in all instances as Plaintiff suggests in this Paragraph. Defendant further denies OpenX "notes it enables Defendant" specifically to "match" site visitor data with third party identifiers to create a "unified, resolved view" of its users to "drive more revenue[,]" and denies the quoted text appears on the webpage referenced in footnote 150. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to actions and representations of OpenX.

229. Defendant admits that it has from time to time used services offered by OpenX, but denies that it specifically uses the OpenX identity graph product. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this

Paragraph, which refer to OpenX's representations about its own product. Defendant avers the webpage referenced in footnote 151 is non-functional. Defendant denies knowledge or information sufficient to form a belief as to the truth of the contents of Figure 32, which appears to be a screenshot from a third-party webpage, but for which Plaintiff does not provide a citation.

230. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of a third party. Defendant denies the quoted text appears on the webpage referenced in footnotes 152 and 153.

231. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and representations of a third party. Defendant denies the quoted text appears on the webpage referenced in footnote 154 and 155.

232. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to a specific OpenX offering not at issue in this case. Defendant further avers that the link provided for the webpage referenced in footnote 156 is not functional.

233. Defendant denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refers to the actions and capabilities of OpenX.

234. Defendant denies that the allegations in this Paragraph accurately describe the experience of visitors to the Website in all instances, and denies that "user profiles" are used to "de-anonymize and identify" Website visitors as Plaintiff suggests in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations in this Paragraph to the extent it refers to the actions of third parties such as OpenX.

## IV. PLAINTIFF'S EXPERIENCE

235. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

236. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

237. Defendant denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, which refer to the actions of third parties in all instances.

238. Defendant denies it "used the information collected by the Trackers" to identify Plaintiff, create a profile for Plaintiff, or match him to an existing profile. Defendant also denies it sold Plaintiff's information to advertisers. Defendant further denies that it "de-anonymize[d] Plaintiff[,]" generated revenue from the sale of Plaintiff's information, or boosted its revenues as a result as suggested in this Paragraph. Defendant otherwise denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph to the extent they refer to the actions of third parties.

239. Defendant denies that the allegations in this Paragraph and Figure 34 accurately represent Website visitors' experiences in all instances. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph or Figure 34, whose source and veracity Defendant cannot determine.

240. Defendant denies the allegations in this Paragraph.

241. This Paragraph calls for a legal conclusion to which no response is required to the extent it asserts that Defendant did not obtain Plaintiff's or the putative Class Members' consent

regarding the third-party Trackers. Defendant admits it did not obtain a court order concerning the third-party Trackers, but denies it was legally required to do so.

242. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

243. Defendant denies Plaintiff has been injured or that Defendant has violated CIPA.

## CLASS ALLEGATIONS

244. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

245. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

246. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

247. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

248. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

249. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class

action.

250. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

**CAUSES OF ACTION**

251. Defendant incorporates the responses contained in paragraphs 1 through and including 250 as if fully set forth herein.

252. This Paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that this suit may be maintained as a class action.

253. This Paragraph contains legal conclusions to which no response is required. Defendant respectfully refers the Court to CIPA § 638.51(a) for a complete and accurate statement of its contents.

254. This Paragraph contains legal conclusions to which no response is required. Defendant respectfully refers the Court to CIPA § 638.50(b) for a complete and accurate statement of its contents.

255. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies "the Trackers are 'pen registers'" and avers that the motion to dismiss decision cited assesses complaint allegations, not established facts.

256. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies "the Trackers are 'pen registers'" and avers that the motion to dismiss decision cited assesses complaint allegations, not established facts.

257. This Paragraph contains legal conclusions to which no response is required. To the

extent a response is required, Defendant denies the allegations contained in the first sentence in this Paragraph, and Defendant denies specific knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in this Paragraph, which refers to actions of third parties.

258. Defendant denies it "used the information collected by the Trackers" to "identify" Plaintiff, "create" a profile of Plaintiff, or "match" Plaintiff to an existing profile. Defendant also denies it sold Plaintiff's information to advertisers. Defendant further denies that it "de-anonymize[d] Plaintiff[,]" generated revenue from the sale of Plaintiff's information, or boosted its revenues as a result as suggested in this Paragraph. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph to the extent they refer to the actions of third parties.

259. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the referenced decisions for a complete and accurate statement of their contents.

260. This Paragraph calls for a legal conclusion to which no response is required to the extent it asserts that Defendant did not obtain Plaintiff's or the putative Class Members' consent regarding the third-party trackers. Defendant admits it did not obtain a court order concerning the third-party trackers, but denies it was legally required to do so.

261. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff or Class Members have been injured by the alleged conduct. Defendant denies it violated CIPA. Defendant denies Plaintiff or class members are entitled to statutory damages under CIPA.

**PRAYER FOR RELIEF**

Defendant denies that this suit may be maintained as a class action, denies Plaintiff is entitled to any of the relief requested, and specifically denies each of the requests for relief enumerated in Plaintiff's Prayer for Relief, ¶¶ (a)–(g).

Wherefore, Defendant, having fully answered the Complaint, prays for judgment as follows:

A. That the Complaint be dismissed in its entirety with prejudice;

B. That Plaintiff take and recover nothing against Defendant by virtue of their claims; and

C. That the Court grant Defendant such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendant admits that Plaintiff has demanded a trial by jury. Defendant also requests a jury trial for all issues so triable by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**DEFENSES**

Without waiving and hereby expressly reserving the right to assert any and all defenses based on, *inter alia*, discovery and factual development, Defendant asserts the following defenses to the claims asserted in the Complaint and does not concede it has the burden of proof with respect to these defenses:

**FIRST DEFENSE**

(*Failure to State a Claim*)

Plaintiff (and putative class members) fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

(*Lack of Standing*)

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because Plaintiff lacks standing, including Article III standing.

**THIRD DEFENSE**

(*Lack of Causation*)

Plaintiff's claim (and those of putative class members) is barred, in whole or in part, to the extent that Defendant's conduct was not the actual or proximate cause of any alleged damage suffered by Plaintiff (or putative class members). Any damages allegedly suffered by Plaintiff (or putative class members) were caused in whole or in part by the acts or omissions of persons or entities other than Defendant.

**FOURTH DEFENSE**

(*Failure to Mitigate Injury*)

To the extent Plaintiff (or putative class members) have suffered damages, Plaintiff (or putative class members) have failed to take reasonable steps to mitigate those purported damages.

**FIFTH DEFENSE**

(*No Statutory Violation*)

Defendant did not substantively violate CIPA, including with respect to the named Plaintiff (or putative class members).

**SIXTH DEFENSE**

(*Consent, Waiver, Estoppel*)

Plaintiff's claims (and those of putative class members) are barred, in whole or in part, because any disclosure allegedly made by Defendant was made with any required consent of the

relevant individual, and thus Plaintiff's claim is waived and/or estopped.

**SEVENTH DEFENSE**

(*Laches*)

Plaintiff's claim (and those of putative class members) is barred in whole or in part, under the doctrine of laches.

**EIGHTH DEFENSE**

(*cnn.com Terms of Use & Privacy Policy*)

Plaintiff's claim (and those of the putative class members) is limited and/or barred, in whole or in part, by applicable provisions in the cnn.com Terms of Use and Privacy Policy.

**NINTH DEFENSE**

(*Statute of Limitations*)

To the extent any claim is outside the one-year statute of limitations under CIPA, it is barred.

**TENTH DEFENSE**

(*Due Process & Excessive Fines*)

Plaintiff's claim (and those of putative class members) is barred, in whole or in part, because the award of the requested statutory damages would violate Defendant's procedural and substantive due process rights and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**ELEVENTH DEFENSE**

(*Suit May Not Proceed as a Class Action*)

Plaintiff's claim on behalf of the putative class is barred because this case is not maintainable as a class action under Federal Rules of Civil Procedure 23 as the proposed class

does not satisfy the requirements described therein.

**TWELFTH DEFENSE**

(*No Cognizable Injury or Compensable Damages*)

Plaintiff's claim (and those of putative class members) is barred, in whole or in part, because Plaintiff's alleged injuries are not cognizable and/or the damages allegedly suffered are not compensable under the law.

**THIRTEENTH DEFENSE**

(*No Basis for Attorneys' Fees*)

Plaintiff is barred from receiving at least part of the purported relief sought by the Complaint because there is no basis that would allow recovery of any attorneys' fees.

Dated: May 14, 2026

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai
David R. Singh
Sarah Ryu
Blake J. Steinberg
Augustus I. Ipsen
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.yohai@weil.com
david.singh@weil.com
sarah.ryu@weil.com
blake.steinberg@weil.com
gus.ipsen@weil.com

Attorneys for Defendant CABLE NEWS NETWORK, INC.