USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANTHONY D'ANTONIO, individually and on behalf of all others similarly situated,

                    Plaintiff,

          - against -

CABLE NEWS NETWORK, INC.,

                    Defendant.

---

**24 CV 3132 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Plaintiff Anthony D'Antonio, individually and on behalf of all others similarly situated ("D'Antonio"), brings this class action against defendant Cable News Network, Inc. ("CNN"), alleging violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51(a). (See "Second Amended Complaint" or "SAC," Dkt. No. 64.) On April 9, 2026, this Court denied CNN's motion to dismiss D'Antonio's claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of Article III standing and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (See "D&O," Dkt. No. 86.) CNN now moves to stay further proceedings pending resolution of an interlocutory appeal that will address the issue of Article III standing raised in this matter. (See Dkt. No. 95; "Mot.," Dkt. No. 96.) For the reasons set forth below, CNN's Motion is **GRANTED**.

1

## I.   BACKGROUND

The Court presumes familiarity with the underlying facts of this case from prior orders. (See D&O; Dkt. No. 49.) Hence, the Court provides only a brief recitation of the procedural history. On April 9, 2026, this Court denied CNN's motion to dismiss for lack of Article III standing and for failure to state a claim. (See D&O.) Regarding the issue of standing, the Court noted that other district courts are divided over whether plaintiffs who bring similar actions can establish Article III standing, but found that given the stage of the litigation, the Court was persuaded to permit the matter to proceed. (See D&O.)

On May 14, 2026, CNN filed its motion to stay, citing the Ninth Circuit's granting – on March 18, 2026 – of a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) in the matter of Drummer v. CoStar Grp., Inc. (See Mot. at 7.) In Drummer, plaintiff D'Antonio asserts similar allegations in support of his CIPA claim, which raises the same Article III standing question at issue in the instant matter. (See id. at 2.) The Drummer court denied defendant's motion to dismiss for lack of Article III standing but, recognizing the split among district courts on the issue, granted the motion for an order certifying interlocutory

appeal of that decision. (See id. at 6-7; Drummer, 2026 WL 712922 (C.D. Cal. Feb. 13, 2026).)

CNN now requests that further proceedings in this case be stayed pending resolution of that interlocutory appeal. (See Mot.) D'Antonio filed an opposition on June 4, 2026. (See "Opp'n," Dkt. No. 98.) CNN submitted its reply on June 15, 2026. (See "Reply," Dkt. No. 100.)

## II.   LEGAL STANDARD

It is an established principle in this Circuit that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its own docket with economy of time and effort for itself, for counsel, and for litigants." Poppel v. Rockefeller Univ. Hosp., No. 19-CV-1403, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)). A court may "enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." Diatek Licensing LLC v. Estrella Media, Inc., No. 22-CV-3508, 2022 WL 5108090, at *1 (S.D.N.Y. Oct. 4, 2022) (quoting LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)).

In deciding whether to issue a stay, courts in this Circuit weigh the following considerations: 1) the private

interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; 2) the private interest of and burden on the defendant; 3) the interests of the courts; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. See, e.g., Rankine v. Levi Strauss & Co., 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023); Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). The movant bears the burden of establishing its need for such a stay. LaSala, 399 F. Supp. 2d at 427.

### III. DISCUSSION

The Court finds that a stay here, pending resolution of the interlocutory appeal in Drummer, is justified.

First, the Court must balance the interests of D'Antonio in proceeding expeditiously with the case against the prejudice that might arise if the case were delayed. D'Antonio argues that the "Ninth Circuit's decision cannot dispose of [CNN's] claims because it is not binding on this Court," and that even if the Circuit court found similar plaintiffs lacked Article III standing, D'Antonio's "claims would simply be remanded to state court." (Opp'n at 6.) D'Antonio further asserts that he has a "substantial interest in proceeding expeditiously to remedy the alleged [CIPA] violations." (Id. at 6.) However, while the Court recognizes that D'Antonio has

4

an interest in proceeding expeditiously with his litigation, the Court is not convinced that he would face a specific "hardship" should a stay be granted. Melville v. HOP Energy, LLC., No. 21-CV-10406, 2024 WL 4224850, at *3 (S.D.N.Y. Sept. 18, 2024); see also Diatek Licensing, 2022 WL 5108090, at *2 ("Plaintiff has not shown prejudice to it aside from the prejudice present in every stay that it will be delayed in prosecuting its case."). Because the Court finds that D'Antonio has not "persuasively argued that prejudice would follow from a stay," the first factor only slightly weighs in his favor. Poppel, No. 19-CV-1403, 2019 WL 3334476, at *2 (granting a motion to stay after finding, in part, that plaintiff had an inherent interest in proceeding expeditiously that weighed in his favor "albeit slightly"); see also Mount v. PulsePoint, Inc., No. 13-CV-6592, 2014 WL 902965, at *2 (S.D.N.Y. Mar. 5, 2014) ("[A] stay will only temporarily delay proceedings, and because the central dispute in this case is one of law . . . there will be little prejudice to plaintiffs.").

Next, the Court must consider the private interest of, and burden on, CNN should the case continue. CNN argues that denying the stay will result in "considerable investment from the parties," who "now stand on the brink of a lengthy and costly discovery and class certification process." (Mot. at

14.) Here, the Court agrees that proceeding with discovery would be expensive and time-consuming, and that this consideration weighs slightly in CNN's favor. See, e.g., Melville v. HOP Energy, LLC., No. 21-CV-10406, 2024 WL 4224850, at *4 (S.D.N.Y. Sept. 18, 2024).

Most importantly, however, the Court finds that CNN has met its burden with regard to the remaining considerations: a stay in this matter would be in the best interests of the courts and the public. Courts routinely enter stays pending the outcome of proceedings which bear upon the case - even if such proceedings are not necessarily controlling of the action that is to be stayed - upon finding that granting the stay would serve the interests of judicial economy. See, e.g., LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

The Court is persuaded by two primary considerations in the instant matter. First, "Courts have a strong interest in preserving judicial resources [and] maintaining the efficiency of its docket[.]" Melville, 2024 WL 4224850, at *4. Here, the Court agrees with CNN that it "would be an inefficient use of time and resources of the Court and the parties to proceed," given the Ninth Circuit's impending resolution of an issue that has divided district courts and that will ultimately impact the course of this litigation.

(Mot. at 14.) It is undeniable that many of "the facts and legal issues presented in this case overlap extensively with those in Drummer," Mount, 2014 WL 902965, at *1, and courts "have concluded that the stay of a federal action is appropriate in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law." Luv N' Care, Ltd. v. Regent Baby Prods. Corp., No. 10-CV-9492, 2014 WL 572524, at *2 (S.D.N.Y. Feb. 13, 2014) (internal quotation marks and citation omitted).

Similarly, staying the case would prevent the "possibility of conflicts between different courts." Melville, 2024 WL 4224850, at *4; see also UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc., No. 20-CV-10664, 2021 WL 6137097, at *5 (S.D.N.Y. Dec. 29, 2021) (finding that granting a stay, pending resolution of a related case in a separate jurisdiction, served the public interest). CNN correctly points out that "proceeding in this case without a stay may create a scenario where the same California-resident plaintiff - leveraging analogous allegations in support of the same California state-law claim - is deemed to have constitutional standing in New York federal court but not in California federal court." (Mot. at 15.) Granting a stay in

this case would prevent just this type of scenario. See, e.g., Nuccio v. Duve, No. 7:13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) ("Staying this action will serve the interest of the courts, non-parties, and the public by . . . minimiz[ing] the possibility of conflicts between different courts." (internal quotation marks and citation omitted)).

Here, although the Court cannot predict the exact date on which the Ninth Circuit will render a decision, this stay would be in effect for a discrete period of time. Accordingly, any prejudice D'Antonio would face in the expeditious resolution of the case is outweighed by the other compelling interests detailed above. CNN has satisfied its burden, and as a result, there is a sound basis for staying this matter pending resolution of the interlocutory appeal that will squarely address the issue of Article III standing.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion to stay (Dkt. No. 95) filed by defendant Cable News Network, Inc. is **GRANTED.** The Court stays the case until the Ninth Circuit's resolution in Drummer.

**SO ORDERED.**

Dated:    24 June 2026
          New York, New York

Victor Marrero
U.S.D.J.